SANITARY BRASS WORKS CO., INC., Plaintiff, *v.* MICHAEL MARCUS and Others, Defendants.

City Court of New York, New York County, February 4, 1930.

*Charles S. Lubin,* for the plaintiff.

*Gold & Maran,* for the defendants.

RYAN, J. Pursuant to section 213 of the Civil Practice Act, plaintiff joined the above-named defendants in an action for goods sold and delivered. At the close of the plaintiff's case and on motion the complaint was dismissed as to the defendants Morris Marcus and William Barkin. The jury returned a verdict in favor of the plaintiff against the corporate defendant, Marcus & Barkin, Inc.

Application is now made under section 1476 of the Civil Practice Act on behalf of the individual defendants to amend the transcript of the clerk's minutes so as to direct that a judgment for costs be entered in favor of each of said individual defendants. In his affidavit counsel for the defendants submits that in view of the fact that one answer was served for the individual defendants and one answer served for the corporate defendant, the individual defendants should be entitled to costs. No claim is made nor does it appear that the individual defendants were put to any additional trouble or expense in the defense of this action. On the contrary, the record shows that process was first served upon them and the corporate defendant brought in by supplemental summons and complaint. Separate answers were interposed, one by the corporate defendant and the other a joint pleading by Morris Marcus and William Barkin, individual defendants. The answer of the individual defendants contains no prayer for costs or other relief against the corporate defendant, nor does that answer appear to have been served upon the corporate defendant. The business interests of the individual defendants with the corporate defendant are so apparent as to preclude them from asserting they are not united in interest with the defendant against whom the plaintiff is entitled to costs.

For the reasons above stated the favorable discretion of the court should not be exercised and the application is, therefore, denied.